## PARSONS *vs.* McKNIGHT.

A party who resided out of this state commenced an action here, and obtained a judgment, which was satisfied. The defendant, within the time limited by the statute, brought a writ of review, upon which he prevailed, and recovered back the amount of the former judgment with costs. During the pendency of the action of review, the original plaintiff conveyed a tract of land to his daughter, without consideration; and the plaintiff in review having obtained his execution levied it upon the land so conveyed—*Held*, that the plaintiff in review was not to be regarded as a subsequent creditor, and that the conveyance was fraudulent as against him.

WRIT OF ENTRY, brought to recover a tract of land in Stewartstown. Upon the trial in the common pleas, May term, 1835, it appeared that on the first of September, 1830, one P. Nichols brought an action against said Parsons, upon a promissory note, and at May term, 1832, recovered a judgment for debt and costs.

Parsons sued out a writ of review, returnable November

Parsons
*vs.*
McKnight.

term, 1832, and at November term, 1833, reversed the former judgment, and recovered judgment against Nichols for the amount of the debt and costs of the former judgment, and his own costs. On this judgment an execution issued, which, on the second of September, 1834, was extended upon the demanded premises.

Nichols has resided in the state of New-York for more than ten years, and is reputed to be a man of property. He received a conveyance of the demanded premises September third, 1831, and on the nineteenth of December, 1832, conveyed the same to his daughter, Martha McKnight, the wife of the tenant. There was no other consideration for this conveyance than love and affection. The only consideration expressed in the deed was one hundred dollars.

On the fifteenth of February, 1833, Nichols conveyed to one Heath another tract of land in Stewartstown, worth about four hundred dollars; and it did not appear that Nichols had any other property in this state than the two tracts of land thus conveyed to his daughter and to Heath, and he had not been in this state since the judgment aforesaid on the review.

On the part of the tenant it was insisted that Parsons' right of review was not a debt that could render the conveyance to his daughter fraudulent; but the court overruled the objection, and being of opinion that under the circumstances above stated the conveyance by Nichols to his daughter must be deemed fraudulent as against Parsons, directed the jury accordingly, whereupon the tenant consented to a verdict for the demandant, subject to the opinion of this court upon the foregoing case.

*Smith* and *Wilson*, for the tenant, cited 5 *Ves.* 384, *Lush* vs. *Wilkinson;* 1 *Madd. Ch.* 414; 11 *Mass. Rep.* 421, *Bennett* vs. *The Bedford Bank;* 9 *Mass. R.* 390, *Parker* vs. *Proctor;* *Rob. on Fraud. Con.* 452.

*Young* and *Bell,* for the demandant.

PARKER, J. The demandant, having obtained a judgment against P. Nichols, duly levied his execution upon the tract of land now demanded. Nichols was formerly the owner of the premises, but had, prior to the levy, conveyed the same to Martha McKnight. The question is, whether this conveyance is valid as against the demandant. No consideration was paid for the land, but Martha McKnight is a daughter of Nichols; and if this was a fair advancement to a child, for the consideration of love and affection, it might be valid against a creditor of the grantor whose demand arose wholly from transactions subsequent to the conveyance.

But we are of opinion that this conveyance cannot be so considered. Nichols had commenced a suit against the demandant, and at May term, 1832, obtained judgment, which was afterwards satisfied. The demandant by our statute had a right to review that action for the purpose of recovering back the amount of that judgment, and also of obtaining his costs upon the former trial. The judgment and execution of Nichols were taken subject to this right, and he received the money of the demandant subject to a liability to pay it back, with interest, should the demandant review and prevail. The demandant sued out a writ of review, returnable November term, 1832, and it was entered in court prior to the time of the conveyance by Nichols. Under these circumstances the demandant is not to be regarded as a subsequent creditor. *Roberts on Fraud. Con.* 452, 459.

The debt of the demandant not only did not wholly originate in a contract subsequent to the conveyance, but it in fact originated fundamentally before that time—the suit upon which it was recovered was pending before that time;—and if it cannot be said to have been technically a debt at the time of the conveyance, it stands, so far as this case is concerned, in the nature and within the reason of one. As against all existing debts a voluntary settlement is presumed to be fraudulent. 3 *Johns. Ch. Rep.* 500, 504, *Reade* vs. *Livingston.*

There are, besides, strong circumstances to show that this conveyance was actually intended to defeat the demandant, should he recover in that suit. The conveyance is made shortly after the entry of the action of review ; and before the next term Nichols conveys another piece of land, thus divesting himself of all property in this state ; and he has not been here since. This is emphatically the case referred to by Roberts, where " the very proximity of blood raises rather the idea of confederacy than affection." *Rob. Fraud. Con.* 452 ; 1 *Atkyns* 481, *Stileman* vs. *Ashdown ;* 1 *Conn. Rep.* 295, *Fox* vs. *Hills ;* 18 *Johns. R.* 425, *Jackson* vs. *Myers.*

*Judgment for the demandant.*